# In the United States District Court
# for the Southern District of Georgia
# Statesboro Division



FILED
Scott L. Poff, Clerk
United States District Court
By casbell at 9:24 am, May 01, 2017

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | |
| DANIELLE CLARK, | CR 613-23 |
| Defendant. | |

**ORDER**

Serving 61 months following her guilty-plea conviction for violating 18 U.S.C. § 1349 (wire fraud conspiracy) and 18 U.S.C. § 1028A (aggravated identity theft), Danielle Clark seeks sentence relief. Previously, the Court denied what amounted to a sentence modification motion, as well as a motion to amend the restitution part of her sentence. Dkt. No. 28. It also analyzed Clark's motion to correct the judgment against her, dkt. no. 25, concluding that it was, in substance, a 28 U.S.C. § 2255 motion, thus requiring a Castro warning. The Court's resulting Castro warning concluded: "If she does not thereafter affirm, supplement, or replace her original motion or notify this Court of her intent to withdraw it, the Court will proceed to rule on it as a § 2255 motion." Dkt. No. 28 at 5.

Clark has not responded. Despite the Court's invitation, dkt. no. 28 at 5, neither has the Government. The Government

earlier insisted, however, that any § 2255 motion would be time- and plea-waiver barred. Dkt. No. 26 at 4. The Court agrees. Clark had just one year from the date her conviction became final[1] to file her § 2255 motion. 28 U.S.C. § 2255(f)(1). The Court entered its judgment against Clark on June 5, 2014, dkt. no. 17, but she did not "signature-file" her motion until July 7, 2016, more than two years later. Dkt. No. 25 at 1. It is therefore time-barred.

Clark also waived her right to collaterally attack, in any way, her conviction and sentence except on grounds inapplicable here, dkt. no. 16 at 6-7. Her § 2255 motion is therefore barred outright. Hunt, 2017 WL 490423, at *1; see also Jones v. United States, No. 6:08cr8, 2016 WL 3476429, at *2 (S.D. Ga. June 21, 2016) (stating that where movant does not meet the Eleventh Circuit's heightened § 2255 pleading burden on plea-invalidation grounds, the plea agreement itself[2]—reflecting the movant's affirmation of his understanding and acceptance—obviates a transcript-based review).

---

[1] A conviction becomes final when the time for filing a notice of appeal—14 days after entry of judgment—expires. See Fed. R. App. P. 4(b)(1)(A) (requiring notice of appeal to be filed within fourteen days of entry of judgment); see also Hunt v. United States, No. 1:12cr216, 2017 WL 490423, at *1 (N.D. Ga. Feb. 7, 2017) (noting that a § 2255 motion was time-barred because movant failed to appeal his judgment and filed his § 2255 motion over three years later).

[2] In her plea agreement, Clark affirmed, "I have read and carefully reviewed this agreement with my attorney. I understand each provision of this agreement, and I voluntarily agree to it. I hereby stipulate that the factual basis set out therein is true and accurate in every respect." Dkt. No. 16 at 10.

2

To summarize, the Court **DENIES** Clark's "Motion to Correct," construed as a § 2255 motion. Dkt. No. 25. Applying the Certificate of Appealability (COA) standards set forth in <u>Brown v. United States</u>, No. 4:03cr1, 2009 WL 307872, at *1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation. Thus, no COA is warranted. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal <u>in forma pauperis</u> is accordingly rendered moot.

**SO ORDERED**, this 25 day of April, 2017.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA